UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WM CAPITAL PARTNERS 85, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CASHMAN EQUIPMENT CORP.; )<br>CASHMAN SCRAP & SALVAGE, LLC; )<br>SERVICIO MARINA SUPERIOR LLC; )<br>and JAMES M. CASHMAN, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>23-11658-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS TO COMPEL SPECIFIC PERFORMANCE OF SHIP MORTGAGES AND CHARTER ASSIGNMENT, COMPEL TURNOVER OF CHARTER REVENUE, AND ESTABLISH VESSEL SALE PROCESS**

**SAYLOR, C.J.**

This is an action brought by a secured creditor concerning its rights under certain credit, guarantee, and maritime security agreements, as modified by a Chapter 11 plan of reorganization. On July 25, 2023, plaintiff WM Capital Partners 85, LLC, as assignee of Banc of America Leasing & Capital, LLC, brought suit against defendants Cashman Equipment Corp.; Cashman Scrap & Salvage, LLC; Servicio Marina Superior, LLC; and James M. Cashman.

At the time of the suit, it was undisputed that each of the defendants had filed Chapter 11 bankruptcy petitions in the Bankruptcy Court for the District of Massachusetts on June 9, 2017. (Plaintiff's SUF ¶ 23). It was also undisputed that the Bankruptcy Court had confirmed a plan of reorganization through which defendants were obligated to make "specified monthly installment payments to WM Capital Partners for its Allowed Secured Claim." (*Id.* ¶ 28). Finally, it was undisputed that "[t]he amounts due and owing under the Plan and the Loan Documents [had] not

been paid in full" and "[a] Default occurred under the Plan no later than March 16, 2023." (*Id.* ¶¶ 37-38).

Based on those undisputed facts as well as the terms of the underlying mortgage agreements, the Court granted in part plaintiff's motion for partial summary judgment on March 12, 2024. More specifically, the Court granted the motion as to liability only, and otherwise denied it without prejudice. The Court found that although the liability of defendants for the debt had been established, it needed additional information to consider the precise form of relief to be granted.

On Aril 26, 2024, plaintiff filed a motion to compel (1) specific performance of ship mortgages and charter assignment and (2) turnover of charter revenue. Plaintiff also filed a motion to establish a vessel sale process or, in the alternative, compel an assembly of vessels. Defendants opposed the motions on May 17, 2024, and the Court held a hearing on June 3, 2024.

Defendants contend that they have "continuously expended good faith and best efforts to cooperate with, and satisfy the claims of all of its Lenders, including throughout the unprecedented COVID-19 pandemic." (ECF No. 46, 2). They allege that while "certain payments were missed," they have "paid WM Capital $1,430,042 since it filed this Complaint" and plan to "pay WM Capital an additional $968,253 in monthly payments by the end of 2024." (*Id.* at 2, 18, & 24). Moreover, they express concern that granting relief for WM Capital could "cause[] a chain of events that would culminate in a total liquidation of the Cashman Companies' business." (*Id.* at 19).

Unfortunately for defendants, however, the question in this case is not whether a business solution would be preferable to the defendants, or indeed more beneficial in the long run to all parties. The question instead is what powers and remedies are available to WM Capital in the

event of a default.

Here, both the Fleet Mortgage and the MISS NORA Mortgage provide a broad variety of different powers and remedies to WM Capital in the event of a default. Both mortgages, for example, give WM Capital the right to seek specific performance. *See* Fleet Mortgage § 9.6 (providing that WM Capital in the event of default "may . . . commence an appropriate action against Shipowner seeking specific performance of any covenant contained herein . . . ."); MISS NORA Mortgage § 4.02 (providing that WM Capital in the event of default may enforce its "rights by an action at law, suit in equity or other appropriate proceeding . . . for the specific performance of . . . the Secured Obligations . . . .").

Both mortgages grant WM Capital the right to take possession of the vessels and to sell them. (*Id.*). *See* Fleet Mortgage § 9.2.3 (providing that WM Capital may "take and enter into possession" of the vessels and "sell any Vessel, whether in whole or in component parts, at public or private sale."); MISS NORA Mortgage § 4.03 (same).

Both mortgages grant WM Capital the right to direct defendants to surrender the vessels at a location of its choosing. *See* Fleet Mortgage § 9.2.2. ("Shipowner and all other persons then in possession of any Vessel, shall forthwith, upon demand by Mortgagee, surrender possession of such Vessel"); MISS NORA Mortgage § 4.03 ("Owner or any other Person in possession of the Vessel shall forthwith, upon demand of Mortgagee, assemble and surrender possession thereof to Mortgagee").

Finally, both mortgages grant WM Capital the right to seek equitable relief in "aid" of its other powers. *See* Fleet Mortgage § 9.6 (providing that WM Capital "may . . . commence an appropriate action against Shipowner . . . in aid of the execution or enforcement of any power herein granted"); MISS NORA Mortgage § 4.02 (providing that WM Capital may enforce its

"rights by . . . a suit in equity or other appropriate proceeding . . . for an injunction against a violation of . . . the Secured Obligations . . . or in aid of the exercise of any power granted by this Mortgage").

Accordingly, it is beyond question that both the Fleet Mortgage and the MISS NORA Mortgage contain broad language affording plaintiff a variety of ways to enforce its rights, including the specific rights sought to be enforced here. Plaintiff's motions to compel specific performance of ship mortgages and charter assignment, compel turnover of charter revenue, and establish a vessel sale process are therefore GRANTED. The Court's order will be filed as a separate docket entry.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  June 12, 2024